**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIA MCCASLIN,

    Plaintiff,

v.                                                  CV No. 19-09 GBW/CG

ALLSTATE INDEMNITY COMPANY,

    Defendant.

## ORDER DENYING MOTION TO BIFURCATE AND STAY PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS

**THIS MATTER** is before the Court on Defendant's *Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiff's Extra-Contractual Claims*, (Doc. 14), filed March 6, 2019, Plaintiff's Response to the Motion, (Doc. 18), filed March 14, 2019, and Defendant's Reply to the Motion, (Doc. 21), filed March 21, 2019. The Court conducted a hearing on the Motion on April 9, 2019.

In the Motion, Defendant asks the Court to bifurcate Plaintiff's extra-contractual claims from her contractual claims and stay discovery and all proceedings as to the extra-contractual claims. (Doc. 14 at 1). Defendant argues that Plaintiff's extra-contractual claims are predicated on her establishing a contractual breach and the amount of damages she is owed on her contractual claims. *Id.* at 2-4. Defendant states it will be prejudiced if it has to respond to discovery relating to the extra-contractual claims because that discovery may be intrusive and irrelevant. *Id.* at 7-9.

In Response, Plaintiff argues that her extra-contractual claims are not dependent on her breach of contract claims. (Doc. 18 at 1-2). Plaintiff states her bad faith claims for Defendant's failure to renew her homeowner's insurance policy and for statutory

violations of insurance trade practices are not contingent on her prevailing on her underlying breach of contract claim. *Id.* at 3-4. In addition, Plaintiff states her extra-contractual claims alleging Defendant failed to properly investigate and evaluate her claim for property damage are inextricably linked to her breach of contract claim. *Id.* at 4-5. Moreover, Plaintiff argues the witnesses and evidence for her breach of contract and extra-contractual claims are mostly the same, and if the Court bifurcates the claims the parties would have to engage in duplicative discovery and present duplicative evidence at two trials. *Id.* at 5-6.

In Reply, Defendant maintains that Plaintiff cannot recover on her extra-contractual claims until the underlying breach of contract claim is resolved. (Doc. 21 at 1-3). Defendant anticipates Plaintiff will seek discovery into her claims file and the claims handling process, and that this evidence may never become necessary because the majority of cases settle at a settlement conference. *Id.* at 2, 7.

At the hearing, the Court found that bifurcation would not be proper in this case. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues or claims[]."); *see also Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (explaining that bifurcation is appropriate "if such interests favor separation of issues and the issues are clearly separable"); *Angelo v. Armstrong World Ins. Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) ("Regardless of efficiency and separability . . . bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.") (citation omitted); *Belisle v. BNSF Railway Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010) ("[T]he party seeking bifurcation has the burden of showing that separate trials are

proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience.") (citation omitted). The Court found that Plaintiff made a sufficient showing that her extra-contractual claims are not necessarily dependent on her contractual claims, and that witnesses and evidence for her extra-contractual claims will overlap with those needed for her contractual claims. The Court further found that in the majority of cases cited by Defendant, the parties agreed to bifurcate the extra-contractual claims from contractual claims, and in some of those cases the court only agreed to bifurcate discovery and did not bifurcate the trials. As for Defendant's concern with Plaintiff making discovery requests that are overly broad or unduly burdensome, the Court stated Defendant can raise those issues if necessary once Plaintiff has issued her discovery requests. For these reasons, the Court found that bifurcation would not be efficient or economical at this time and Defendant's Motion shall be denied.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Bifurcate and Stay Discovery and Proceedings as to Plaintiff's Extra-Contractual Claims*, (Doc. 14), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE