**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIA MCCASLIN,

    Plaintiff,

v.                                                                     CV No. 19-09 GBW/CG

ALLSTATE INDEMNITY COMPANY,

    Defendant.

## AGREED PROTECTIVE ORDER AND STIPULATION

**THIS MATTER** is before the Court on the parties' *Joint Motion for Protective Order*, (Doc. 41), filed June 14, 2019. The Court, having been advised and upon the consent and stipulation of Plaintiff, Maria McCaslin, and Defendant, Allstate Indemnity Company ("Allstate") (collectively the "Parties") enters the following Agreed Protective Order and Stipulations (Agreement and Order):

**1.0   DEFINITIONS AND BACKGROUND INFORMATION**:

    1.1  <u>As used in this order, the word</u>:

        1.1.1  "Party" or "Parties" shall include Maria McCaslin and Allstate, and each of their employees, agents, representatives, and attorneys (including both outside counsel and inside counsel).

        1.1.2  "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental entity.

        1.1.3  "Confidential Material" or "Confidential Document" shall mean any and all documents or other materials produced in response to Requests for Production of Documents as well as any confidential or proprietary documents, data, or information provided in response to other written discovery requests, interrogatory answers or deposition testimony. All Confidential Materials (including interrogatory answers) shall be Bates stamped and marked as confidential with a watermark or legend. By agreement between the Parties (confirmed in writing) additional

documents may be designated as Confidential Material subject to the terms of this Stipulation and Order.

1.1.4   "Discovering Party" shall mean the Party who has requested the production of documents designated as Confidential Material under this Agreement and Order.

1.1.5   "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Agreement and Order.

1.2     Allstate's Trade Secrets and Proprietary Information:

1.2.1   Allstate contends the documents requested by Maria McCaslin and designated Confidential Material represent and/or reflect trade secrets or other confidential and proprietary research, development or commercial information.  The parties agree Allstate has a legitimate interest in protecting trade secrets, confidential and proprietary information.  The parties agree the protections within this agreement are adequate.

1.2.2   Allstate affirmatively states the documents produced under the order are not produced without appropriate protections. Allstate states the materials are confidential and proprietary, and Allstate makes every effort to protect them.

1.3     Nature of this Agreement and Order:

The nature of this agreement and order is to protect Allstate's member and business interests in its own intellectual property, information, and processes. The insurance, banking, and investment industries are highly competitive markets, and disclosure of Allstate's trade secrets, confidential or proprietary information could cause irreparable and significant harm to Allstate and its members.  This Agreement and Order is intended to prevent this foreseeable harm and any related unforeseeable harm.

1.4     Public Health & Safety Not At Issue:

The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

1.5     Good Faith Discovery Cooperation:

It is the purpose of this Agreement and Order and the desire of Allstate to make the broadest range of reasonably relevant documents available to Maria McCaslin, without waiving any trade secrets, privilege, or otherwise proprietary

information and without subjecting the parties and the Court to numerous discovery motions.

1.6    Reliance on this Agreement:

The Parties agree to limit dissemination of any documents and information as set forth in this Agreement and Order and are materially relying on the representations and covenants contained within.

**2.0   SCOPE OF AGREEMENT AND PROTECTIVE ORDER**:

2.1    Purpose of This Agreement and Order:

It is the purpose of this Agreement and Order that Allstate will be provided reasonable assurance that:

- 2.1.1  The documents produced by Allstate will be used in this litigation and this litigation only;

- 2.1.2  The documents produced by Allstate will not be used for commercial purposes;

- 2.1.3  The documents produced by Allstate will not be used for non-litigation purposes.

2.2    Allstate is relying on this Agreement and Order and would not have produced the documents and information otherwise.

2.3    Allstate's production under this Agreement and Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.4    This Agreement and Order survives the end of the above styled litigation.

2.5    The parties agree good cause exists for this Agreement and for the Court to enter this Order.

2.6    Compliance with this Agreement and Order will be a material term to any settlement agreement reached in this case.

**IT IS THEREFORE, STIPULATED BY THE PARTIES AND ORDERED BY THE COURT**:

**3.0   DOCUMENTS TO BE PRODUCED BY ALLSTATE**:

3.1    Procedure for production of documents:

3.2 Any part of the claims file, Allstate files, or Allstate documents produced for inspection and made available for copying in this action by any Party to this litigation or any third parties after the date of entry of this Order may be designated Confidential Material or Confidential Documents. Such a designation shall be made by placing a watermark or legend inscribing the word "Confidential" on the face of each page of each document so designated.

3.3 Such Confidential Documents in whole or in part or in any form, and the information within, may be used and disclosed solely for the preparation and trial of this litigation only, including all appeals. Copies of any discovery designated "confidential" shall only be provided to parties or persons as identified within this Agreement and Order.

3.4 The Parties and their counsel agree to use reasonable efforts not to disclose the information to any third person or entity whatsoever, except to (the following are collectively referred to as "Qualified Person(s)"):

   a. counsel of record and their associated attorneys in this action on behalf of a party to this litigation;
   b. a party(ies) to the litigation and any employees or agents, including in-house and corporate counsel, regularly employed support staff, paralegal and clerical personnel who have a direct responsibility for assisting a party in the preparation and trial of litigation, including appeals;
   c. employees or agents of counsel of record including regularly employed support staff, paralegal and clerical personnel who have a direct responsibility for assisting such counsel in the preparation and trial of litigation, including appeals;
   d. outside consultants and experts and their employees or agents retained by retained counsel or any party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;
   e. the United States District Court for the District of New Mexico, ("the Court"), and court personnel, including stenographic reporters regularly employed by the court;
   f. stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;
   g. witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.

   Any person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified person" or "non-qualified persons."

**4.0　DEPOSITIONS**:

    4.1.　Deposition testimony shall be designated as Confidential Material under the terms of this Agreement and Order only if counsel for a party advises the court reporter and opposing counsel such designation at the deposition, or by written designation to all parties and the court reporter within ten (10) business days after receiving the deposition transcript. The court reporter shall note on the record the designation of Confidential Material and shall separately transcribe those portions of the testimony so designated and shall mark the face of such portion of the transcript as "Confidential Material." The parties may use Confidential Material during any deposition provided the witness is apprised of the terms of this Agreement and Order and executes the acknowledgment attached as Exhibit "A." The parties may use Confidential Material during a deposition only if the room is first cleared of all non-qualified persons.

    4.2　In the event that any party desires to contest the designation of any documents, information, or testimony as Confidential Material that party, after requesting and being denied re-designation within a timely manner, shall file an objection with the Court and request a hearing on the matter. At such hearing, the party designating the information as Confidential Material shall have the burden to establish that party's right to protection of the Confidential Material. All such documents, information or testimony shall be treated as Confidential Material until the Court makes a decision regarding the status of the documents, information and testimony.

    4.3　Any papers filed with the Court in these actions which include, attach or make reference to Confidential Material (or information derived from Confidential Material) shall be considered Confidential Material governed by the terms of this Agreement and Order, and shall be filed under seal and shall remain sealed with the Office of the Clerk so long as the materials retain the status of Confidential Material.

**5.0　VIEWING OF DOCUMENTS BY THIRD PARTIES**:

    5.1　<u>Possession of Documents by Third Parties</u>:

    The undersigned counsel as counsel who become the custodian of the Confidential Material produced by a party shall not grant possession of the documents to any other person or entity except as expressly authorized by the terms of this Agreement and Order.

5.2 <u>Viewing of Documents by Third Parties is Permissible</u>:

Subject to the terms and conditions of this Agreement and Order, the undersigned counsel may permit other persons or entities to possess and to view documents produced under this Agreement and Order.

5.3 All Confidential Material produced or provided in the course of this litigation, and the information obtained from examining the same, shall be used solely for the purposes of the proceedings in this litigation, and not for any other purpose. The Confidential Material shall not be disclosed to anyone, either orally or in writing, except in accordance with the terms of this Agreement and Order.

5.4 The Parties do not waive, and expressly retain the right to assert in the Action or other investigation or lawsuit, the application of any common law or statutory privileges or any theory of immunity from disclosure of the confidential documents, in whole or in part, or in any form, and any other confidential information

   a. Nothing in this Agreement and Order shall preclude a Party from seeking and obtaining, on an appropriate showing, additional protection (or relief from protection) with respect to the confidentiality of information or documents produced in the action.

   b. Nothing in this Agreement and Order is to be construed or used as a waiver of any rights or procedural or evidentiary objections or privileges under either the applicable Rules of Civil Procedure or the Rules of Evidence.

   c. This Agreement and Order is entered into for the purposes of this action only and shall not apply to documents or things produced by any party in any other litigation.

   d. The Parties agree and acknowledge that before disclosing any Confidential Material to a Qualified Person, as defined above in Section 3 of this Agreement and Order with the exception of the Court and Court personnel, the Party shall provide to the Qualified Person a copy of this Agreement and Order and each Qualified Person shall execute a copy of the attached **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** (Exhibit "A"). The executed copy of Exhibit "A" shall be retained by the attorney who has disclosed the Confidential Material to the Qualified Person.

**6.0   NO WAIVER BY INADVERTENT PRODUCTION**:

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as confidential in accordance with this order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object.  Until the material is designated as confidential by the Producing Party however, the Discovering Party shall be entitled to treat the material as non-confidential.  When the material is designated as Confidential Material, the Discovering Party shall take prompt steps to assure the material is marked as confidential or returned to the Producing Party for confidential designation pursuant to this Agreement and Order. The Producing Party shall bear the costs of designating and marking the Confidential Material as such.

**7.0   RETURN OF DOCUMENTS AT END OF LITIGATION**:

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party.  The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules.

The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 7.0.

**8.0   PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION**:

The Confidential Material shall not be photographed, photocopied or reproduced in any manner except in preparation of this litigation.

**9.0   PUBLICATION PROHIBITED**:

The Confidential Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately.  Likewise, persons may not verbally share the Confidential Material to non-qualified persons.

**10.0   ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED**:

All motions or other documents filed with the Court, if any, which reveal any portion of the Confidential Material shall be:

10.1    Filed on the Court docket under seal.

10.2 Considered sealed documents until further order of the Court, if any.

10.3 All proceedings in connection therewith shall be conducted in chambers, if allowed by the court.

10.4 Any records made of such proceedings, if any, shall also be sealed.

**11.0 NON-WAIVER**:

This Agreement and Order is not, and shall not be interpreted as, a waiver by any party of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or otherwise undiscoverable.

**12.0 VIOLATION OF ORDER**:

Upon an alleged violation of this Agreement and Order, the Court on its own motion or on the motion of any party may grant relief as it deems appropriate in law or equity. Should any provision of this Stipulation be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIA MCCASLIN,

    Plaintiff,

v.                                                                                           CV No. 19-09 GBW/CG

ALLSTATE INDEMNITY COMPANY,

    Defendant.

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I hereby attest to my understanding that information or documents designated as Confidential Material or Confidential Documents and the information contained therein are provided to me pursuant to the terms and conditions and restrictions of the **AGREED PROTECTIVE ORDER AND STIPULATION** entered in the above styled case. I have been given a copy, read, and understand the **AGREED PROTECTIVE ORDER AND STIPULATION**; and that I agree to be bound by it, and consent to the personal jurisdiction of the Court that signed the **AGREED PROTECTIVE ORDER AND STIPULATION**, for enforcement.

I further agree that I shall not disclose to others in any manner, except in accordance with that **AGREED PROTECTIVE ORDER AND STIPULATION**, any Confidential Material (or Confidential Documents) as defined in that Agreement and Order, and that such Confidential Material shall be used only for the purposes of the captioned legal proceeding. I understand that the unauthorized disclosure of Confidential Material could result in the violation of the rights to privacy, and/or serious

economic harm to the party providing the Confidential Material which could continue to cause harm even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that **AGREED PROTECTIVE ORDER AND STIPULATION**, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure.

_____
Signature                                                                Date

_____
Name Printed