**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIA MCCASLIN,

     Plaintiff,

v.                                            Civ. No. 19-09 GBW/CG

ALLSTATE INDEMNITY COMPANY,

     Defendant.

**ORDER GRANTING MOTION TO AMEND AND
REMANDING ACTION TO STATE COURT**

THIS MATTER comes before the Court on Plaintiff's Motion for Order Allowing Plaintiff to File First Amended Complaint to Recover Damages. *Doc. 31.* For the reasons that follow, the Court finds that Plaintiff's Motion is well-taken and should be GRANTED. Because this Court's jurisdiction will cease once Plaintiff's amended complaint is filed, the action is hereby REMANDED to the Third Judicial District Court of New Mexico.

**I.**     **BACKGROUND**

This insurance coverage case was first filed in the Third Judicial District Court of New Mexico on December 4, 2018. *See doc. 1* at 6. Defendant timely filed a Notice of Removal on January 7, 2019. *Doc. 1.* Plaintiff did not oppose removal, and the Court entered an order setting discovery deadlines on April 10, 2019, setting a deadline of

May 8, 2019 for Plaintiff to join additional parties or amend the pleadings. *Doc. 25*.

Defendant served its Rule 26(a)(1) initial disclosures on Plaintiff on March 6, 2019. *Doc. 15*.

Plaintiff filed the instant Motion to Amend on May 8, 2019, requesting the Court's leave to file an amended complaint naming additional parties as defendants. *See doc. 31*. Plaintiff asserts that the Motion to Amend was filed in good faith, "[b]ased on the review of the information contained in Defendant's initial disclosures and further review of the case." *Id*. at 1. She alleges that the newly named defendants failed to perform contracted-for work related to the water leak in Plaintiff's house, giving rise to additional claims. *Id*. at 2. Plaintiff explains that she only learned of the scope of work performed by the additional parties, and the fact that they did not perform as promised, through Defendant's initial disclosures. *Id*.

Defendant filed a response in opposition on May 14, 2019, arguing that Plaintiff's motion should be denied because it is unduly delayed and represents a bad faith attempt to destroy diversity jurisdiction.[1] *See doc. 33*. Plaintiff filed a reply on May 23, 2019, denying both of these allegations and reiterating that her motion was filed in good

---

[1] Federal subject-matter jurisdiction over the case at bar is based on diversity of citizenship. *See doc. 1* at 1–2. Plaintiff is a citizen of New Mexico, as are the defendants that she now seeks to join. *See doc. 31-1* at 1–2. Therefore, filing of the proposed First Amended Complaint would destroy the basis for federal jurisdiction in this case and necessitate a remand to state court.

faith based on information revealed by Defendant's initial disclosures.  *See doc. 36*.  The

Motion to Amend is now before the Court.

## II.    LEGAL STANDARD

Both parties agree that Plaintiff filed her Motion to Amend within the deadline

set by the Court for amending pleadings or joining additional parties.  *See docs. 25, 31*.

Therefore, Plaintiff's motion was timely and there can be no argument that Plaintiff was

required to meet an additional "good cause" standard under Rule 16.  *See* Fed. R. Civ. P.

16(b)(4).  The applicable standard is found in Rule 15.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may

amend its pleading only with the opposing party's written consent or the court's leave.

The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Whether to grant or deny a motion to amend is "within the discretion of the trial court."

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio*

*Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). However, the purpose of Rule

15 is "to provide litigants the maximum opportunity for each claim to be decided on its

merits."  *Id*. (internal quotation marks omitted) (quoting *Hardin v. Manitowoc-Forsythe*

*Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

A court's valid reasons for denying leave to amend may include "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    RULE 15 AMENDMENT ANALYSIS

Defendant does not argue that the newly added claims would be futile. *See generally doc. 33*. Therefore, the Court need not consider the merits of the claims; the only question is whether they have been properly presented. For the reasons that follow, the Court finds no valid reason for denying Plaintiff's Motion to Amend.

### A. <u>The Motion was not unduly delayed.</u>

Defendant first argues that the Court should deny Plaintiff's Motion to Amend "because she was aware of the facts and parties she intends to add when she filed her original Complaint," *doc. 33* at 3, rendering the requested amendment unduly delayed. Specifically, Defendant—citing Plaintiff's own Motion to Amend and proposed First Amended Complaint in support—argues that:

> Plaintiff knew of the existence of the additional parties and their involvement in Plaintiff's home repairs since the repairs began. In fact[,] Plaintiff contracted directly, and separately, with Servpro and Southwest Hazard Control (SHC) to perform certain work.

*Id*. (citing *doc. 25*).

In the Tenth Circuit, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). The court may deny

leave to amend on this ground alone.  *See Wopsock v. Natchees*, 279 F. App'x 679, 689

(10th Cir. 2008) (citing *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

This is particularly true where all evidence relevant to the proposed amendment was

available at the time of the original complaint.  *See*, *e.g.*, *State Distribs., Inc. v. Glenmore*

*Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (citation omitted) ("Where the party

seeking the amendment knows or should have known of the facts upon which the

proposed amendment is based but fails to include them in the original complaint, the

motion to amend is subject to denial.").

Defendant evidently believes that such a circumstance applies here.  *See doc. 33* at

2–3.  However, Plaintiff has provided a facially adequate explanation for the delay in

filing, and Defendant has shown nothing to the contrary.  Plaintiff explained, in her

Reply:

> Allstate provided its Rule 26 initial disclosures to Ms. McCaslin on March 6,
> 2019. (Doc. 15).  Allstate disclosed 1,848 documents as evidenced by the bate
> stamp on the documents (Allstate_00001 to Allstate_01848).  In reviewing the
> disclosures, Ms. McCaslin learned that Allstate had documents from Servpro
> which included a complete description of all the work Servpro was to perform,
> when the work was to be performed, how the work was to be performed, and
> Servpro's charges (Allstate_00927 to Allstate_00935).  Before Allstate's
> disclosures, Ms. McCaslin did not have these documents.  Allstate also disclosed
> Southwest Hazard's Proposal and Standard Contract which contained a
> description of the scope of work Southwest Hazard and Ernesto Morales was to
> perform (Allstate_00964 to Allstate_00966).  Ms. McCaslin did not have these
> documents before Allstate's initial disclosures.

*Doc. 36* at 2.  Plaintiff went on to explain that Allstate paid for some of the repair

performed by Servpro and Southwest Hazard, but that she then paid Servpro and

Southwest Hazard herself due to Allstate's refusal to pay for all cleanup and repair. *Id.* at 2–3.

In the Court's view, Plaintiff's recital adequately explains Plaintiff's lack of prior knowledge about the newly added defendants' uncompleted work, despite the fact that she knew of their existence at the time of filing and had contracted with them independently. Defendant has not convincingly refuted Plaintiff's assertion that the documents describing the newly added defendants' work were unavailable to Plaintiff prior to Defendants' initial disclosures, or that she was only aware of the scope of their work subsequent to receiving those disclosures. *See doc. 31* at 2; *doc. 36* at 2. It is therefore not apparent that Plaintiff "kn[ew] or should have known of these facts" when she filed her original complaint. *See State Distribs.*, 738 F.2d at 416.

Accordingly, the Court finds that Plaintiff's Motion to Amend was not unduly delayed.

**B.** **Defendant has not shown that the Motion was filed in bad faith for the purpose of destroying diversity.**

The parties agree that, if the proposed First Amended Complaint is filed, diversity jurisdiction will be destroyed. *See doc. 33* at 4; *doc. 36* at 3. In an argument closely related to its first, Defendant claims that Plaintiff filed her Motion to Amend in a bad faith effort to destroy diversity jurisdiction and have the case remanded to state court. *See doc. 33* at 3–4. Therefore, Defendant asks the Court to deny the motion.

Defendant provides only two paragraphs of argument in support of this proposition, without legal citation and without suggesting any reason to believe that Plaintiff's motion is in bad faith except that "[h]ad these defendants been named in the original Complaint it would have prevented removal to federal court." *Id*. at 4. This, as Plaintiff herself acknowledges, is surely true. However, it does not follow that Plaintiff's motion is solely an attempt to defeat federal jurisdiction. As Plaintiff points out, the action was removed to federal court in January 2019, yet Plaintiff did not then choose to challenge federal jurisdiction or request a remand. *See doc. 36* at 3. Indeed, if—as Defendant asserts—Plaintiff was aware of the additional defendants' role at that time and merely wished to effect a remand order, it would seem that she would have immediately amended her complaint pursuant to Rule 15(a)(1).[2] *See* Fed. R. Civ. P. 15(a)(1)(A)–(B).

In short, Defendant has not shown that Plaintiff's motion was filed in bad faith. The contention that the motion was filed purely to destroy federal jurisdiction must rest on the assumption that Plaintiff had no other valid reason to move to amend at this time. As described in the previous section, the Court finds that this is not the case: Plaintiff has provided adequate explanation for her delay in moving to amend. Therefore, Plaintiff's Motion to Amend (*doc. 31*) will be granted.

---

[2] Rule 15(a)(1) provides that a plaintiff may amend his complaint once as of right, without seeking the Court's permission or the other party's approval, within 21 days after a responsive pleading is served.

## IV.    APPLICATION OF SECTION 1447

Section 1447(e), which governs procedure after removal generally, provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder *and* remand the action to the State court."  28 U.S.C. § 1447(e) (emphasis added).  Because the Court in its discretion grants Plaintiff's Motion to Amend (*doc. 31*), and the joinder of the additional defendants named in the First Amended Complaint will destroy diversity, the action must be remanded to the New Mexico court.  Neither party disputes this fact.  *See doc. 33* at 4; *doc. 36* at 3.  Accordingly, the case shall be remanded.

## V.    CONCLUSION

In light of the foregoing, Plaintiff's Motion to Amend (*doc. 31*) is hereby GRANTED and this action is REMANDED to the Third Judicial District Court of New Mexico.  All pending deadlines and settings in this matter are hereby VACATED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to take the necessary action to cause this case to be remanded to state court.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**